IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EPIC SYSTEMS CORPORATION, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 06-255-JJF | |
| § | | |
| ACACIA RESEARCH CORPORATION § | JURY TRIAL DEMANDED | |
| and RESOURCE SCHEDULING § | | |
| CORPORATION, § | | |
| § | | |
| Defendants. § | | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND IN THE ALTERNATIVE MOTION TO TRANSFER VENUE**

                                        Kathleen M. Jennings (No. 913)
                                        Karen V. Sullivan (No. 3872)
                                        OBERLY, JENNINGS & RHODUNDA, P.A.
                                        1220 Market Street, Suite 710
                                        P.O. Box 2054
                                        Wilmington, Delaware 19899
                                        (302) 576-2000
                                        (302) 576-2004 (fax)

                                        Attorneys for Defendants Acacia Research
                                        Corporation & Resource Scheduling
                                        Corporation

*Of Counsel:*

Jonathan T. Suder
Edward E. Casto, Jr.
Christie B. Lindsey
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 (fax)

Dated:  May 9, 2006

## **TABLE OF CONTENTS**

Table of Contents..................................................................................................................i

Table of Citations ................................................................................................................ii

I.      STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING..........1

II.     SUMMARY OF THE ARGUMENT ...................................................................1

III.    STATEMENT OF FACTS ...................................................................................2

IV.    ARGUMENT........................................................................................................3

        a.      Epic's Declaratory Judgment Complaint Should Be Dismissed in its Entirety for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedures 12(b)(1) ....................................................3

        b.      Epic's Claims Against Acacia Should Be Dismissed for the Additional Reason That Acacia Has No Legal Interest in the '743 Patent ..................................................................................................6

        c.      In the Alternative, the Court Should Decline to Exercise its Declaratory Judgment Jurisdiction for Policy Reasons ...............................6

        d.      Alternatively, Defendants Move to Transfer Venue to the Eastern District of Texas, Marshall Division ..........................................................7

V.      CONCLUSION....................................................................................................9

**TABLE OF CITATIONS**

**Cases**

*Cygnus Therapeutic Sys. v. Alza Corp.*,
    92 F.3d 1153 (Fed. Cir. 1996) ........................................................................... 3-5, 7

*Fina Research, S.A. v. Baroid Ltd.*,
    141 F.3d 1479 (Fed. Cir. 1998) ................................................................................6

*Gen-Probe Inc. v. Vysis, Inc.*,
    359 F.3d 1376 (Fed. Cir. 2004) ................................................................................4

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
    153 F.3d 1318 (Fed. Cir. 1998) ................................................................................4

*Phillips Plastics Corp. v. Kato Hatsujou*,
    57 F.3d 1051 (Fed. Cir. 1995) ............................................................................. 4-5

*Rite-Hite Corp. v. Kelly Co.*,
    56 F.3d 1538 (Fed. Cir. 1995) ..................................................................................6

*Shell Oil Co. v. Amoco Corp.*,
    970 F.2d 885 (Fed. Cir. 1992) ............................................................................. 4-5

*Sirius Satellite Research, Inc. v. Acacia Research Corp.*,
    No. 05 Civ. 7495, 2006 U.S. Dist. LEXIS 3900 (S.D.N.Y. Jan. 30, 2006) .............3

*Teva Pharm. USA, Inc. v. Pfizer, Inc.*,
    395 F.3d 1324 (Fed. Cir. 2005) ......................................................................... 3-5, 7

**Rules & Statutes**

28 U.S.C. § 2201 ...............................................................................................................6

28 U.S.C. § 2201(a) ..........................................................................................................3

28 U.S.C. § 1404(a) ..........................................................................................................7

35 U.S.C. § 100(d) ............................................................................................................6

35 U.S.C. § 281 .................................................................................................................6

Fed. R. Civ. P. 12(b) .........................................................................................................1

Defendants Acacia Research Corporation ("Acacia") and Resource Scheduling Corporation ("RSC") (collectively "Defendants") file this Opening Brief in Support of their Motion to Dismiss and in the Alternative Motion to Transfer Venue, and respectfully show the Court the following:

### I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

Epic Systems Corporation ("Epic") filed this declaratory judgment action on April 19, 2006 alleging invalidity and non-infringement of U.S. Patent No. 4,937,743 (the "'743 patent"). Prior to filing their answer and counterclaims, Defendants are filing this Motion to Dismiss and Alternative Motion to Transfer Venue. Thus, Defendants motions are timely. *See* FED. R. CIV. P. 12(b).

### II. SUMMARY OF THE ARGUMENT

1. Epic's Complaint should be dismissed in its entirety because it fails to establish an "actual controversy" among the parties upon which a declaratory judgment action must be based. Epic cannot show that it had a reasonable apprehension of imminent suit by its receipt of one licensing letter.

2. Epic's claims against Acacia should be dismissed for the additional reason that Epic cannot have a reasonable apprehension of imminent suit by Acacia because Acacia has no legal interest in the '743 patent and, therefore, cannot file a patent infringement suit against Epic. Thus, there is no "actual controversy" between Epic and Acacia for this reason as well.

3. In the alternative, the Court should decline to exercise its declaratory judgment jurisdiction because allowing declaratory judgment actions to go forward on facts such as these would discourage licensing negotiations and encourage litigation,

thereby having a negative impact on the probability of amicable business-like licensing negotiations between patentees and potential infringers.

4.   If the Court does not dismiss this action in its entirety, Defendants alternatively request that in the interest of justice and judicial economy, this action be transferred to the United States District Court for the Eastern District of Texas, Marshall Division, where similar litigation involving the '743 patent is pending, in which at least three other defendants have asserted similar counterclaims for invalidity of the '743 patent.

### III.    STATEMENT OF FACTS

The '743 patent teaches a method for scheduling and managing resources. (See Complaint, Ex. A; D.I. 1). The sole ground upon which Epic bases its declaratory judgment action is a letter dated March 23, 2006 that it received from Acacia. (See Complaint and its attached Ex. B; D.I. 1). The letter on its face, however, invites Epic to engage in licensing discussions for some of Epic's products and solutions that "may be covered by the '743 patent." It does not expressly allege that Epic's products infringe the '743 patent. (See Complaint, Ex. B; D.I. 1).

Additionally, the letter also states that Resource Scheduling Corporation (not Acacia) "owns the rights to license and enforce" the '743 patent. (See Complaint, Ex. B; D.I. 1). Even so, Epic ignored this statement and included Acacia as a Defendant in this lawsuit. (See Complaint; D.I. 1).

Currently, similar litigation regarding the infringement of the '743 patent is pending in the Eastern District of Texas, Marshall Division, in which counterclaims have been asserted alleging invalidity of the '743 patent as well. (See App. pp. A1-A36). Epic

is registered to do business in, and in fact does business in, Texas and on information and belief, at least a portion of any alleged infringement by Epic occurred in Texas. Thus, Epic would be amenable to suit in Texas. (See App. p. A37). Accordingly, Defendants request that the Court transfer this action to the Eastern District of Texas if the Court does not dismiss this case in its entirety. (See *infra*, section IV(d)).

IV.  **ARGUMENT**

    a.  **Epic's Declaratory Judgment Complaint Should Be Dismissed in its Entirety for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedures 12(b)(1).**

Epic's Complaint should be dismissed because it fails to establish the required "actual controversy" among the parties. In fact, in a recent declaratory judgment case brought against Acacia in the Southern District of New York, the court saw through the declaratory judgment plaintiff's smoke screen and appropriately dismissed the case. *See Sirius Satellite Research, Inc. v. Acacia Research Corp.*, No. 05 Civ. 7495, 2006 U.S. Dist. LEXIS 3900 (S.D.N.Y. Jan. 30, 2006) (See App. pp. A38-A43). The Court here should too.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides in relevant part as follows:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

The Act "requires an <u>actual controversy</u> between the parties before a federal court may exercise jurisdiction over an action for a declaratory judgment." *Teva Pharm. USA, Inc. v. Pfizer, Inc.*, 395 F.3d 1324, 1331 (Fed. Cir. 2005) (emphasis added); *see also Cygnus Therapeutic Sys. v. Alza Corp.*, 92 F.3d 1153, 1158 (Fed. Cir. 1996) (overruled

3

on other grounds). A declaratory judgment plaintiff has the burden to show, by a preponderance of the evidence, that it has a reasonable apprehension that it will be sued. *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887 (Fed. Cir. 1992).

There are two requirements to establish an actual controversy: (1) an explicit threat or other action by the patentee which creates a <u>reasonable apprehension</u> on the part of the declaratory judgment plaintiff that it will face an infringement suit; and (2) present activity by the declaratory judgment plaintiff which could constitute infringement, or concrete steps taken with the intent to conduct such activity. *Teva Pharm.*, 395 F.3d at 1332; *Gen-Probe Inc. v. Vysis, Inc.*, 359 F.3d 1376, 1380 (Fed. Cir. 2004); *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1326 (Fed. Cir. 1998) (overruled on other grounds); *Cygnus*, 92 F.3d at 1159.

In the present case, the "reasonable apprehension" requirement is not met. To meet this requirement, Epic "must be able to demonstrate that it has a reasonable apprehension of <u>imminent</u> suit." *Teva Pharm.*, 395 F.3d at 1333 (emphasis added). That is, the threat must have "sufficient immediacy." *Gen-Probe*, 359 F.3d at 1379; *Cygnus*, 92 F.3d at 1158. Epic also has the burden of proving that its apprehension of an imminent suit was reasonable from an <u>objective</u> perspective. *Cygnus*, 92 F.3d at 1159; *Phillips Plastics Corp. v. Kato Hatsujou*, 57 F.3d 1051, 1054 (Fed. Cir. 1995). Moreover, this determination must be made from <u>the facts alleged in the complaint.</u> *Teva Pharm.*, 395 F.3d at 1333; *Hunter Douglas*, 153 F.3d at 1326; *Gen-Probe*, 359 F.3d at 1379.

Significantly, an offer of a patent license, a history of enforcing patents, statements that "it intended to enforce the patent," or that the alleged infringer's activities "are covered by the patent" do not, in and of themselves, or in various combinations,

4

create a sufficient objective reasonable apprehension of an imminent lawsuit in order to establish a case or controversy under the Declaratory Judgment Act. *Teva Pharm.*, 395 F.3d at 1333 (a history of enforcing patents and the refusal to grant covenant not to sue did not create a controversy); *Cygnus*, 92 F.3d at 1159-60 (the refusal to negotiate a license and a statement that the patentee "took a very strong proprietary position" did not create a controversy); *Phillips*, 57 F.3d at 1053-54 (an offer of a license and expressly stating that the plaintiff needed a license to continue its activity did not create a controversy); *Shell Oil*, 970 F.2d at 888-89 (statements that the activities were covered by the patent and that the patentee intended to enforce its patent and other "jawboning" statements during license negotiations did not create a controversy).

In the present case, Epic's sole allegation in its Complaint surrounds Acacia's March 23, 2006 letter in which Acacia stated that it "believe[s] the manufacture and sale of [Epic's Cadence product] is covered under the '743 Patent" and that additional Epic products "may also be covered by the '743 Patent." (See Complaint, ¶ 8 and Ex. B; D.I. 1). However, it is well settled that neither the offer of a patent license nor language in a letter stating that the declaratory judgment plaintiff's product is "covered by" or "falls within" defendant's patent amounts to an "express charge" of infringement. *See Phillips*, 57 F.3d at 1053; *Shell Oil*, 970 F.2d at 888-89.

Acacia's letter indicates that its purpose was to initiate negotiations to license the '743 patent. (See Complaint, Ex. B; D.I. 1). In the letter, Acacia expressed its desire to reach an amicable solution and communicated its interest in negotiating a license, even offering "favorable terms" to Epic. *Id*. Mr. Treska, of Acacia, recommended that the parties schedule an appointment to "discuss licensing options in more detail." *Id*. This is simply not sufficient to create an actual controversy. *See Cygnus*, 92 F.3d at 1160

5

(citations omitted) ("reasonable apprehension of suit test requires more than the nervous state of mind of a possible infringer; it requires that the objective circumstances support such an apprehension.").

Consequently, Epic does not have a reasonable apprehension of imminent litigation – a legal requirement and the cornerstone of a declaratory judgment action. Accordingly, Epic's claims should be dismissed.

### b. Epic's Claims Against Acacia Should Be Dismissed for the Additional Reason That Acacia Has No Legal Interest in the '743 Patent.

The law is clear that only a patentee, assignee, or exclusive licensee has standing to bring a patent infringement suit. *See* 35 U.S.C. §§ 100(d) and 281; *Rite-Hite Corp. v. Kelly Co.*, 56 F.3d 1538, 1551-52 (Fed. Cir. 1995). Acacia is none of these, because it has no legal interest in the patents.

As such, Acacia does not have standing to bring an infringement action against Epic. Epic cannot have any apprehension that it will be sued by Acacia, and there is no actual controversy between Epic and Acacia. *See, e.g.*, 28 U.S.C. § 2201; *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1480-81 (Fed. Cir. 1998) ("because [declaratory judgment defendant] had no legal interest in the two patents and therefore could not bring suit for patent infringement, there was no actual controversy between [the parties] that would support jurisdiction under the Declaratory Judgment Act"). Epic's declaratory claims against Acacia should be dismissed for this additional reason.

### c. In the Alternative, the Court Should Decline to Exercise its Declaratory Judgment Jurisdiction for Policy Reasons.

Moreover, even if there is an actual controversy concerning the '743 patent, the

district court is not required to exercise declaratory judgment jurisdiction, but has the substantial discretion to decline that jurisdiction. *Teva Pharm.*, 395 F.3d 1331; *Cygnus*, 92 F.3d at 1158-59. If engaging in licensing negotiations and having a history of enforcing some of its patents could be used as a basis for a declaratory judgment action, the patentee would always be reluctant to engage in license negotiations for the fear of being hailed into court. It would discourage license negotiations and encourage litigation – in many cases where the patentee does not want to litigate but would rather engage in amicable license negotiations.

Instead, the patentee would file a lawsuit to prevent it from being sued in the defendant's forum. Once this happens and litigators are involved, the cost of the license negotiations increases significantly and the probability of an amicable business-like license negotiation decreases. In short, it would have a negative impact on the entire situation – thereby converting a license negotiation among business people into an expensive litigation with outside lawyers.

Accordingly, and in the alternative, Defendants respectfully request that the Court decline to exercise its jurisdiction over Epic's declaratory judgment action and dismiss its Complaint in its entirety.

### d. **Alternatively, Defendants Move to Transfer Venue to the Eastern District of Texas, Marshall Division.**

Alternatively, Defendants request that the Court transfer this action to the United States District Court for the Eastern District of Texas, Marshall Division, in the interests of justice and judicial economy pursuant to 1404(a), Title 28, United States Code.

The Eastern District of Texas is a court in which the action could have been

brought but for Epic filing its anticipatory suit.  Epic is registered to do business in, and in fact does business in, Texas, such that Epic should reasonably anticipate being hailed into court in Texas, and on information and belief, at least part of any alleged infringement by Epic occurred in Texas.  (See App. p. A37).  Moreover, similar litigation concerning the '743 patent is currently pending in Texas, and at least three defendants in the Texas litigation have filed similar counterclaims for invalidity of the '743 patent.  (See App. pp. A1-A36).  In the interests of justice and judicial economy, these issues should be addressed in one forum.  The Texas action was filed prior to the filing of this declaratory judgment action, and this case should be transferred to the Eastern District of Texas.

     Accordingly, Defendants request that the Court transfer this action to the Eastern District of Texas.

## V. CONCLUSION

Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, or at a minimum, dismiss Plaintiff's claims against Defendant Acacia. Alternatively, Defendants request the Court to transfer this action to the United States District Court for the Eastern District of Texas, Marshall Division.

                                          Respectfully submitted,

Dated: May 9, 2006                          /s/ Karen V. Sullivan
                                          Kathleen M. Jennings (No. 913)
                                          Karen V. Sullivan (No. 3872)
                                          OBERLY, JENNINGS & RHODUNDA, P.A.
                                          1220 Market Street, Suite 710
                                          P.O. Box 2054
                                          Wilmington, Delaware 19899
                                          (302) 576-2000
                                          (302) 576-2004 (fax)
                                          Email:  KSullivan@ojlaw.com

*Of counsel:*

Jonathan T. Suder
Edward E. Casto, Jr.
Christie B. Lindsey
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 (fax)
Email:  jts@fsclaw.com
Email:  casto@fsclaw.com
Email:  lindsey@fsclaw.com

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 9th day of May, 2006, the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court, District of Delaware, using CM/ECF which will send notification of such filing to the following:

Jeffrey L. Moyer
moyer@rlf.com
RICHARDS LAYTON & FINGER
One Rodney Square
920 North King Street
Wilmington, DE 19801

                                              /s/ Karen V. Sullivan
                                             KAREN V. SULLIVAN