IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EPIC SYSTEMS CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 06-255-JJF |
| | § | |
| ACACIA RESEARCH CORPORATION | § | JURY TRIAL DEMANDED |
| and RESOURCE SCHEDULING | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## APPENDIX TO DEFENDANTS' OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND IN THE ALTERNATIVE MOTION TO TRANSFER VENUE

Kathleen M. Jennings (No. 913)
Karen V. Sullivan (No. 3872)
OBERLY, JENNINGS & RHODUNDA, P.A.
1220 Market Street, Suite 710
P.O. Box 2054
Wilmington, Delaware 19899
(302) 576-2000
(302) 576-2004 (fax)

Attorneys for Defendants Acacia Research
Corporation & Resource Scheduling
Corporation

*Of Counsel:*

Jonathan T. Suder
Edward E. Casto, Jr.
Christie B. Lindsey
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 (fax)

Dated: May 9, 2006

# <u>APPENDIX TABLE OF CONTENTS</u>

<u>**Page**</u>

1. *Cerner Corporation's Answer to Original Complaint and Counterclaim*, filed April 3, 2006 in *Resource Scheduling Corporation v. Cerner Corporation, et al*, United States District Court for the Eastern District of Texas, Marshall Division, Case No. 2-06-CV-44 (DF) ....................................................A1 - A9

2. *Defendant McKesson Corporation's Answer, Affirmative Defenses and Counterclaims*, filed April 7, 2006 in *Resource Scheduling Corporation v. Cerner Corporation, et al*, United States District Court for the Eastern District of Texas, Marshall Division, Case No. 2-06-CV-44 (DF) ................................................A10 - A18

3. *Picis, Inc's Answer, Defenses ad Counterclaims to Original Complaint*, filed April 13, 2006 in *Resource Scheduling Corporation v. Cerner Corporation, et al*, United States District Court for the Eastern District of Texas, Marshall Division, Case No. 2-06-CV-44 (DF) ................................................A19 - A27

4. *Answer to Original Complaint by RES-Q Healthcare Systems, Inc.*, filed April 27, 2006 in *Resource Scheduling Corporation v. Cerner Corporation, et al*, United States District Court for the Eastern District of Texas, Marshall Division, Case No. 2-06-CV-44 (DF) ................................................................A28 - A36

5. Texas Secretary of State Information on Epic Systems Corporation................................................................................. A37

6. *Sirius Satellite Research, Inc. v. Acacia Research Corp.*, No. 05 Civ. 7495, 2006 U.S. Dist. LEXIS 3900 (S.D.N.Y. Jan. 30, 2006)................................................................................A38 - A43

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

RESOURCE SCHEDULING CORPORATION,)
                       )
          Plaintiff,      )
                       )
v.                     )      Case No. 2-06-CV-44 (DF)
                     )
CERNER CORPORATION, et al.,    )      Jury Trial Demanded
                     )
          Defendants.   )
                     )

## CERNER CORPORATION'S ANSWER TO ORIGINAL COMPLAINT AND COUNTERCLAIM

Defendant Cerner Corporation ("Cerner") hereby answers Plaintiff's Original Complaint and counterclaims as follows:

### THE PARTIES

1.      Cerner is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Original Complaint, and therefore denies the same.

2.      Cerner admits the allegations contained in Paragraph 2 of the Original Complaint.

3.      Cerner is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Original Complaint, and therefore denies the same.

1926140v1

4.      Cerner is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Original Complaint, and therefore denies the same.

5.      Cerner is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Original Complaint, and therefore denies the same.

6.      Cerner is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Original Complaint, and therefore denies the same.

7.      Cerner is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Original Complaint, and therefore denies the same.

8.      Cerner is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Original Complaint, and therefore denies the same.

<u>JURISDICTION AND VENUE</u>

9.      Cerner admits that this action has been characterized by Plaintiff as arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 283-85, *et seq.*  Cerner further admits that this Court has jurisdiction over meritorious causes of action for patent infringement under 28 U.S.C. § 1338(a).  Cerner denies, however, that Plaintiff's Original Complaint sets forth such meritorious causes of action.

2

A-2

10.    Cerner admits the allegations contained in Paragraph 10 of the Original Complaint.

<u>CLAIMS FOR PATENT INFRINGEMENT</u>

11.    Cerner admits that U.S. Patent No. 4,937,743 ("the '743 patent") purports on its face to have issued on June 26, 1990, and is entitled "Method and System for Scheduling, Monitoring and Dynamically Managing Resources." Cerner further admits that what purportedly is a true and correct copy of the '743 patent was attached to Plaintiff's Original Complaint as Exhibit A. Cerner denies that the '743 patent was duly and legally issued.

12.    Cerner is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Original Complaint, and therefore denies the same.

13.    Cerner denies the allegations contained in Paragraph 13 of the Original Complaint.

14.    Cerner admits that it now has actual notice of the '743 patent. Cerner denies the remaining allegations contained in Paragraph 14 of the Original Complaint.

15.    Cerner denies the allegations contained in Paragraph 15 of the Original Complaint.

16.    Cerner denies allegations contained in Paragraph 16 of the Original Complaint. Cerner further denies the implied or inferred allegation of past infringement contained in Paragraph 16 of the Original Complaint.

3

17.    Cerner denies the allegations contained in Paragraph 17 of the Original Complaint.

PRAYER

Cerner denies that Plaintiff is entitled to any relief in connection with the allegations contained in Plaintiff's Original Complaint, including, without limitation, the relief requested by Plaintiff in paragraphs (a) through (i) of Plaintiff's Prayer. To the extent any allegation contained in Plaintiff's Original Complaint has not been specifically admitted herein, it is hereby denied. Cerner further denies any allegation that may be implied by or inferred from the headings of Plaintiff's Original Complaint.

AFFIRMATIVE DEFENSES

First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Second Affirmative Defense

The claims of the '743 patent are invalid for one or more of the following reasons: the alleged invention(s) of the '743 patent are unpatentable under 35 U.S.C. §§ 101, 102, and/or 103; the specification of the '743 patent, including the claims, fails to meet one or more requirements of 35 U.S.C. § 112; and/or the '743 patent does not otherwise meet one or more requirements of Part II of Title 35 of the United States Code.

Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Cerner does not infringe and has not infringed any valid claim of the '743 patent, either literally or under the doctrine of equivalents.

4

1926140v1

A-4

Fourth Affirmative Defense

Plaintiff's claims and relief sought are barred, in whole or in part, as a result of Plaintiff's failure to comply with the requirements of 35 U.S.C. § 287.

Fifth Affirmative Defense

The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of laches.

Sixth Affirmative Defense

The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of estoppel.

Seventh Affirmative Defense

The relief sought by Plaintiff is barred, in whole or in part, by the doctrine of unclean hands.

Eighth Affirmative Defense

Plaintiff lacks standing to bring and maintain this action.

Ninth Affirmative Defense

Cerner cannot be found to have willfully infringed the '743 patent due to Cerner's good faith conduct and actions of due care with respect to the '743 patent.

Cerner reserves the right to assert additional affirmative defenses as they become known through further investigation and discovery.

WHEREFORE, for the above stated reasons, Cerner prays that judgment be entered against Plaintiff in connection with its Original Complaint, that judgment be entered in favor of Cerner, that Cerner be awarded its costs, reasonable attorney fees, and

5

1926140v1

A-5

other expenses incurred in defending against Plaintiff's claims, and for such other and further relief as the Court may deem just and proper.

COUNTERCLAIM

For its Counterclaims against Plaintiff, Cerner states as follows:

1.    This Court has subject matter jurisdiction over Cerner's counterclaims for declaratory relief pursuant to 28 U.S.C. §§ 1331, 1338, and 2201, and Rule 13 of the Federal Rules of Civil Procedure.

2.    Based on Plaintiff's Original Complaint against Cerner and Cerner's Answer thereto, there exists an actual, justiciable controversy between Plaintiff and Cerner concerning the '743 patent.

COUNT I – DECLARATION OF NON-INFRINGEMENT

3.    Cerner repeats and incorporates by reference the averments set forth in Counterclaim paragraphs 1-2 as if they were fully and separately set forth herein.

4.    Cerner has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any valid claim of the '743 patent.

COUNT II – DECLARATION OF INVALIDITY

5.    Cerner repeats and incorporates by reference the averments set forth in Counterclaim paragraphs 1-4 as if they were fully and separately set forth herein.

6.    The claims of the '743 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

1926140v1

A-6

Cerner reserves the right to assert additional counterclaims as they become known through further investigation and discovery.

WHEREFORE, Cerner prays that the Court:

A.     Enter judgment in favor of Cerner and against Plaintiff and dismiss Plaintiff's Original Complaint with prejudice;

B.     Declare that the claims of the '743 patent are invalid;

C.     Declare that Cerner has not infringed, either literally or under the doctrine of equivalents, nor contributed to infringement by others, nor actively induced others to infringe, any claim of the '743 patent;

D.     Preliminarily and permanently enjoin Plaintiff, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from asserting or threatening to assert against customers or potential customers of Cerner, or users of Cerner's products and services, any charge of infringement of the '743 patent;

E.     Preliminarily and permanently enjoin Plaintiff, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise, from filing or prosecuting any civil action or actions against Cerner's customers, or users of Cerner's products and services, for alleged infringement of the '743 patent;

F.     Declare this case to be exceptional under 35 U.S.C. § 285;

G.     Award to Cerner its costs and attorney fees; and

7

H.     Grant to Cerner such other and further relief as the Court may

deem just and proper.

## DEMAND FOR JURY TRIAL

Cerner hereby demands a jury trial on all issues so triable.

Dated: April 3, 2006                          Respectfully submitted,


By  /s/ Robert Christopher Bunt
          Robert Christopher Bunt
          State Bar No. 00787165
          PARKER & BUNT, P.C.
          100 E. Ferguson, Suite 1114
          Tyler, Texas  75702
          Telephone: (903) 531-3535
          Facsimile: (903) 533-9687
          cbunt@cox-internet.com

          B. Trent Webb – Application to Appear
          Pro Hac Vice to be filed.
          Bart A. Starr – Application to Appear Pro
          Hac Vice to be filed.
          Adam P. Seitz – Application to Appear
          Pro Hac Vice to be filed.
          SHOOK, HARDY & BACON L.L.P.
          2555 Grand Boulevard
          Kansas City, Missouri 64108-2613
          Telephone: (816) 474-6550
          Facsimile: (816) 421-5547
          bwebb@shb.com
          bstarr@shb.com
          aseitz@shb.com

          Attorneys for Cerner Corporation

1926140v1

A-8

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 3rd day of April, 2006, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Robert Christopher Bunt
Robert Christopher Bunt

1926140v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RESOURCE SCHEDULING CORPORATION,    ) <br>    ) <br>    ) <br> **Plaintiff,**    ) <br>    ) <br> **v.**    ) <br>    ) <br> CERNER CORPORATION, MCKESSON    ) <br> CORPORATION, PICIS, INC., RES-Q    ) <br> HEALTHCARE SYSTEMS, INC.,    ) <br> SIEMENS MEDICAL SOLUTIONS USA,    ) <br> INC., SIEMENS MEDICAL    ) <br> SOLUTIONS HEALTH SERVICES    ) <br> and SURGICAL INFORMATION    ) <br> SYSTEMS, LLC    ) <br> **Defendants.**    ) | CIVIL ACTION NO. 2:06-CV-44 |

## DEFENDANT MCKESSON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant McKesson Corporation ("McKesson"), by its attorneys, responds as follows to the Original Complaint of Plaintiff Resource Scheduling Corporation ("RSC" or "Plaintiff") and asserts the following affirmative defenses and counterclaims:

### THE PARTIES

1.    McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 and therefore denies those allegations.

2.    McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 and therefore denies those allegations.

3.    Admitted.

4.    McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 and therefore denies those allegations.

5.    McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 5 and therefore denies those allegations.

6.    McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 and therefore denies those allegations.

7.    McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 and therefore denies those allegations.

8.    McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 and therefore denies those allegations.

## JURISDICTION AND VENUE

9.    McKesson admits that the Original Complaint alleges patent infringement and that the patent laws are found in the Title 35 of the United States Code. McKesson admits that federal courts have jurisdiction over patent cases pursuant to 28 U.S.C. § 1338(a), but denies that this Court has jurisdiction over this action.

10.    McKesson is continuing to investigate whether venue is appropriate in the Eastern District of Texas. Accordingly, McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 and therefore denies those allegations except that McKesson admits that it has committed purposeful acts and/or transactions in Texas. McKesson is without information or knowledge information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph as they relate to other defendants.

## CLAIMS FOR PATENT INFRINGEMENT

11.    McKesson admits that United States Patent No. 4,937,743 ("the '743 patent") is entitled "Method and System for Scheduling, Monitoring and Dynamically Managing

2

A-11

Resources" and that a copy of the '743 patent was attached to the Complaint. McKesson denies the remaining allegations set forth in paragraph 11.

12.    McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 and therefore denies those allegations.

13.    McKesson denies the allegations in paragraph 13 as they relate to McKesson. Specifically, McKesson denies that it manufactures, makes, has made, uses, sells and/or offers for sale devices and/or services that infringe claims in the '743 patent. McKesson further denies that it is directly infringing, inducing infringement or contributing to the infringement of the '743 patent by manufacturing, making, having made, using, selling and/or offering to sell such devices and/or services. RSC has failed to identify any device and/or service that RSC alleges infringes the '743 patent. McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph as they relate to other Defendants and therefore denies those allegations.

14.    McKesson admits that it has actual notice of the '743 patent and denies the other allegations in paragraph 14 as they relate to McKesson. Specifically, McKesson denies that it has committed any infringing acts and denies that any infringing acts have been and continue to be willful either before or after obtaining such notice. McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph as they relate to other Defendants and therefore denies those allegations.

15.    McKesson denies the allegations of paragraph 15 as they relate to McKesson. McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph as they relate to other Defendants and therefore denies those allegations.

3

A-12

16.    McKesson denies the allegations of paragraph 16 as they relate to McKesson. McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as they relate to other Defendants and therefore denies those allegations.

17.    McKesson denies the allegations of paragraph 17 as they relate to McKesson. McKesson is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph as they relate to other Defendants and therefore denies those allegations.

## PRAYER

McKesson denies that Plaintiff is entitled to any relief in connection with the allegations contained in Plaintiff's Original Complaint, including, without limitation, the relief requested by Plaintiff in paragraphs (a) – (i) of its Prayer.  To the extent any allegation contained in Plaintiff's Original Complaint has not been specifically admitted herein, it is hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Original Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

No claim of the '743 patent is infringed, either directly or indirectly, by the manufacture, sale, offer for sale, importation, service or use of any of McKesson's products and/or services.

### Third Affirmative Defense

Each and every claim of the '743 patent is invalid on the grounds that the purported invention fails to meet the conditions for patentability within the meaning of the patent laws, Title 35 §§ 101 *et seq.*, including, but not limited to, §§ 101, 102, 103 and/or 112 thereof.

4

A-13

Fourth Affirmative Defense

Some or all of Plaintiff's claims are barred by the doctrines of laches, waiver, and/or equitable estoppel.

Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands.

Sixth Affirmative Defense

Plaintiff's claims are limited by the time limitation on damages under 35 U.S.C. §§ 286 and 287.

Seventh Affirmative Defense

Plaintiff lacks standing to bring and maintain this litigation.

Eighth Affirmative Defense

McKesson provides notice that it intends to rely upon any additional defenses that become available or apparent during discovery, and reserves its right to amend this pleading and to assert such additional defenses or, if appropriate, delete any of the above-delineated defenses as discovery proceeds.

**COUNTERCLAIMS**

McKesson, for its counterclaims against Plaintiff, alleges the following:

1.      These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and 28 U.S.C. § 2201, *et seq.*  Subject matter jurisdiction is based upon 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

2.      McKesson hereby refers to and incorporates by reference as if fully set forth herein each answer and affirmative defense stated above.

5

A-14

3.    On information and belief, RSC is a Delaware corporation with its principal place of business in Newport Beach, California.

4.    McKesson has manufactured, used, offered for sale or sold devices and/or services that RSC alleges infringe the '743 patent.

5.    This Court has personal jurisdiction over RSC by virtue of RSC's filing of the Original Complaint against McKesson.

6.    Venue is proper pursuant to 28 U.S.C § 1391.

7.    An actual justiciable controversy exits between RSC and McKesson.

### Count I – Declaration of Non-Infringement

8.    McKesson hereby refers to and incorporates by reference as if fully set forth herein the allegations of paragraphs 1-7 of its counterclaims.

9.    McKesson has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid claim of the '743 patent.

### Count II – Declaration of Invalidity

10.    McKesson hereby refers to and incorporates by reference as if fully set forth herein the allegations of paragraphs 1-9 of its counterclaims.

11.    The claims of the '743 patent are invalid under 35 U.S.C. § 101, *et seq.*, including, but not limited to, §§ 101, 102, 103 and 112.


### JURY DEMAND

McKesson hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

McKesson respectfully prays for the following relief and enter judgment that:

6

A-15

A.    RSC's Original Complaint be dismissed with prejudice;

B.    RSC take nothing by its Original Complaint;

C.    McKesson has not infringed, and is not infringing, any valid claim of the '743 patent;

D.    McKesson has not induced, and is not inducing, infringement of any valid claim of the '743 patent;

E.    McKesson has not contributed to, and is not contributing to, the infringement of any valid claim of the '743 patent;

F.    McKesson has not willfully infringed any valid claim of the '743 patent;

G.    All of the claims of the '743 patent are invalid;

H.    Plaintiff, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise are preliminarily and permanently enjoined from asserting or threatening to assert against customers or potential customers of McKesson, or users of McKesson's products and\or services, any charge of infringement of the '743 patent;

I.    Plaintiff, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it who receive actual notice by personal service or otherwise are preliminarily and permanently enjoined from filing or prosecuting any civil action or actions against McKesson's customers, or users of McKesson's products and\or services, for alleged infringement of the '743 patent;

J.    This case is exceptional under 35 U.S.C. § 285, and McKesson be awarded its reasonable attorneys' fees, expenses and costs incurred in this action; and/or

K.    McKesson is entitled to such other and further relief that this Court deems just and proper.

7

A-16

Dated: April 7th, 2006

Respectfully submitted,

/s/ Otis Carroll
Otis W. Carroll
Texas Bar No. 03895700
Wesley Hill
Texas Bar No. 24032294
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
fedserv@icklaw.com

COUNSEL FOR DEFENDANT,
MCKESSON CORPORATION

OF COUNSEL:

Blair M. Jacobs (pro hac vice to be filed)
Christina A. Ondrick (pro hac vice to be filed)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue NW
Washington, DC 20004
Tel: (202) 383-0100
Fax: (202) 637-3593
blair.jacobs@sablaw.com
christina.ondrick@sablaw.com

A-17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of April, 2006, he or she has caused a true and correct copy of the foregoing **DEFENDANT MCKESSON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** to be served on all counsel of record via electronic delivery or U.S. mail.

/s/ Otis Carroll

A-18

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| RESOURCE SCHEDULING CORPORATION,<br><br>    Plaintiff,<br><br>      v.<br><br>CERNER CORPORATION, MCKESSON CORPORATION, PICIS, INC., RES-Q HEALTHCARE SYSTEMS, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS MEDICAL SOLUTIONS HEALTH SERVICES CORPORATION and SURGICAL INFORMATION SYSTEMS, LLC<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 2-06CV-44 (DF)<br><br>    JURY TRIAL DEMANDED |

## PICIS, INC.'S
## ANSWER, DEFENSES AND COUNTERCLAIMS TO ORIGINAL COMPLAINT

Defendant, Picis, Inc. ("Picis"), hereby provides its answer, defenses and counterclaims in response to the Plaintiff's Original Complaint as follows:

### THE PARTIES

1.    Picis is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Original Complaint and therefore denies the same.

2.    Picis is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Original Complaint and therefore denies the same.

3.    Picis is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Original Complaint and therefore denies the same.

4.     Picis admits that it is a corporation organized and existing under the laws of Delaware and that it maintains business offices located at 100 Quannapowitt Parkway, Wakefield, MA 01880. Picis further admits that it has engaged in business in Texas, does not maintain offices in Texas, and has not designated an agent for service of process in Texas. To the extent that Paragraph 4 of the Original Complaint also sets forth legal conclusions, no response is required.

5.     Picis is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Original Complaint and therefore denies the same.

6.     Picis is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Original Complaint and therefore denies the same.

7.     Picis is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Original Complaint and therefore denies the same.

8.     Picis is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Original Complaint and therefore denies the same.

## JURISDICTION AND VENUE

9.     Picis admits that this action purports to be an action for patent infringement arising under the provisions of the Patent Laws of the United States, Title 35, United States Code and that United States District Courts have original jurisdiction over civil actions arising under 28 U.S.C. § 1338(a), but denies that this Court has jurisdiction over this action and that Picis has committed any acts of patent infringement.

10.     To the extent that Paragraph 10 of the Original Complaint alleges activities of defendants other than Picis, Picis is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies the same. To the extent that Paragraph 10 of the

- 2 -

A-20

Original Complaint alleges activities of Picis, Picis admits that it has engaged in business in Texas and denies that Picis has committed any acts of patent infringement. Picis is continuing to investigate whether venue is appropriate in the Eastern District of Texas. Accordingly, Picis is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 with respect to venue and therefore denies the same.

### CLAIMS FOR PATENT INFRINGEMENT

11.    Picis admits that United States Patent No. 4,937,743 ("the '743 patent") purports on its face to have issued on June 26, 1990 and is entitled "Method and System for Scheduling, Monitoring and Dynamically Managing Resources." Picis further admits that what purportedly is a true and correct copy of the '743 patent was attached to Plaintiff's Original Complaint as Exhibit A. Picis denies that the '743 patent was duly and legally issued.

12.    Picis is without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Original Complaint and therefore denies the same.

13.    To the extent that Paragraph 13 of the Original Complaint alleges activities of Picis, Picis denies the allegations in Paragraph 13 of the Original Complaint. To the extent that Paragraph 13 of the Original Complaint alleges activities of defendants other than Picis, Picis is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies the same.

14.    To the extent that Paragraph 14 of the Original Complaint alleges activities of Picis, Picis admits that it now has actual notice of the '743 patent. Picis denies the remaining allegations in Paragraph 14 of the Original Complaint with respect to Picis. To the extent that Paragraph 14 of the Original Complaint alleges activities of defendants other than Picis, Picis is

without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies the same.

15.    To the extent that Paragraph 15 of the Original Complaint alleges activities of Picis, Picis denies the allegations in Paragraph 15 of the Original Complaint. To the extent that Paragraph 15 of the Original Complaint alleges activities of defendants other than Picis, Picis is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies the same.

16.    To the extent that Paragraph 16 of the Original Complaint alleges activities of Picis, Picis denies the allegations in Paragraph 16 of the Original Complaint and the implication that Picis has infringed the '743 patent at any time. To the extent that Paragraph 16 of the Original Complaint alleges activities of defendants other than Picis, Picis is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies the same.

17.    To the extent that Paragraph 17 of the Original Complaint alleges activities of Picis, Picis denies the allegations in Paragraph 17 of the Original Complaint and the implication that Picis has infringed the '743 patent at any time. To the extent that Paragraph 17 of the Original Complaint alleges activities of defendants other than Picis, Picis is without knowledge sufficient to form a belief as to the truth of such allegations and therefore denies the same.

## PLAINTIFF'S PRAYER

Picis denies that Plaintiff is entitled to any relief requested in the prayer in the Original Complaint, as the prayer applies to Picis.

- 4 -

A-22

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

### Defense No. 1

The Original Complaint fails to state a claim upon which relief can be granted against Picis.

### Defense No. 2

Picis has not infringed any of the claims of the '743 patent either literally, by equivalents, directly, contributorily, by inducement, willfully or deliberately.

### Defense No. 3

The '743 patent is invalid for failure to satisfy one or more of the requirements of Title 35, United States Code including, without limitation, §§ 101, 102, 103, and 112.

### Defense No. 4

The claims of the '743 patent are invalid in view of the prior art.

### Defense No. 5

By reason of proceedings in the United States Patent and Trademark Office, Plaintiff is estopped from construing any claim of the '743 patent to cover any products manufactured, sold, used or offered for sale by Picis.

### Defense No. 6

The relief sought by Plaintiff is barred, in whole or in part, by the doctrines of laches, waiver, and/or equitable estoppel.

**Defense No. 7**

Plaintiff's claims for damages are barred, in whole or in part, as a result of Plaintiff's failure to comply with the requirements of 35 U.S.C. § 287.

**Defense No. 8**

Picis cannot be found to have willfully infringed the '743 patent due to Picis's good faith conduct and actions of due care with respect to the '743 patent.

**Defense No. 9**

Plaintiff lacks standing to bring and maintain this litigation.

Picis reserves the right to assert additional affirmative defenses as they become known through further investigation and discovery.

## PICIS'S COUNTERCLAIM FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

Counter-plaintiff Picis, Inc. ("Picis") hereby counterclaims as follows, and in support thereof alleges:

1.     Picis realleges and incorporates by reference its answers to the paragraphs of the Original Complaint filed by Resource Scheduling Corporation ("Plaintiff") and its defenses in support thereof, as if fully set forth herein.

2.     Picis is a corporation organized and existing under the laws of the state of Delaware, and has a regular and established place of business at 100 Quannapowitt Parkway, Wakefield, MA 01880.

3.     According to Plaintiff's complaint, Plaintiff is a Delaware corporation with its

principal place of business in Newport Beach, CA.

4.    This Counterclaim is asserted under Rule 13, Fed. R. Civ. P., and also under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. This Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a), 2201 and 2202 because this action arises under the patent laws of the United States, Title 35, United States Code.

5.    This Counterclaim arises out of the same series of transactions and occurrences as the patent infringement claims set forth in Plaintiff's Original Complaint.

6.    On information and belief this Court has personal jurisdiction over Plaintiff because Plaintiff filed the instant action in this Court.

7.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Plaintiff filed suit against Picis in this Court.

8.    In the Original Complaint, Plaintiff alleges that Picis is infringing the '743 patent.

9.    As evidenced by the allegations in Plaintiff's Original Complaint, there is now a real and actual controversy between Picis and Plaintiff with respect to the issues of infringement, invalidity and enforceability of the '743 patent.

10.    Picis hereby asserts this counterclaim against Plaintiff for judgment that the claims of the '743 patent are not infringed and have not been infringed by any product made, used, sold, or offered for sale by Picis, either directly, contributorily or by inducement, literally or by equivalents.

11.    Picis hereby asserts this counterclaim against Plaintiff for judgment that the claims of the '743 patent are invalid, in whole or in part, for failure to satisfy one or more of the requirements of Title 35 including, without limitation, §§ 101, 102, 103, and 112 thereof.

12.     As provided by 35 U.S.C. § 285, Picis requests that this Court declare this case to be exceptional, and award Picis its reasonable attorney's fees, costs and expenses.

13.     Picis reserves the right to assert additional counterclaims as they become known through further investigation and discovery.

### PICIS'S PRAYER FOR RELIEF

WHEREFORE, Picis prays that the Court enter a judgment:

a.     Dismissing Plaintiff's Original Complaint with prejudice;

b.     Declaring that Picis has not infringed any claim of the '743 patent either directly, contributorily, by inducement, literally or by equivalents;

c.     Declaring that Picis has not willfully or deliberately infringed any claim of the '743 patent;

d.     Denying all relief requested by Plaintiff and that judgment is entered for Picis with respect to all of Plaintiff's claims;

e.     Denying Plaintiff's demand for injunctive relief;

f.     Declaring that the claims of the '743 patent are invalid;

g.     Declaring that this is an exceptional case, and an award to Picis of its reasonable attorneys' fees, costs and expenses, as provided by 35 U.S.C. § 285; and

h.     Granting such other and further relief as this Court shall deem appropriate.

### JURY DEMAND

Picis demands a jury trial on all issues so triable.

\* \* \* \*

A-26

Respectfully submitted,

__/s/ John M. Pickett__

Damon Young
TX State Bar No. 22176700
John M. Pickett
TX State Bar No. 15980320
YOUNG, PICKETT & LEE
4122 Texas Boulevard
P.O. Box 1897*
Texarkana, Texas 75503 (*04)
903.794.1303 (o)
903.792.5098 (f)
dyoung@youngpickettlaw.com
jpickett@youngpickettlaw.com

Mark Koehn
June E. Cohan
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
703.770.7900 (o)
703.770.7901 (fax)
mark.koehn@pillsburylaw.com
june.cohan@pillsburylaw.com

**ATTORNEYS FOR PICIS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in

compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are

deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to

Fed.R.Civ.P.5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have

consented to electronic service were served with a true and correct copy via facsimile and/or

U.S. First Class Mail this 13th day of April, 2006.

/s/ John M. Pickett
John M. Pickett

A-27

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| RESOURCE SCHEDULING CORPORATION, | CIVIL ACTION NO. 2-06CV-44 |
| **Plaintiff** | **ANSWER TO ORIGINAL COMPLAINT BY RES-Q HEALTHCARE SYSTEMS, INC.** |
| v. | |
| CERNER CORPORATION, MCKESSON CORPORATION, PICIS, INC., RES-Q HEALTHCARE SYSTEMS, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS MEDICAL SOLUTIONS HEALTH SERVICES CORPORATION and SURGICAL INFORMATION SYSTEMS, LLC | |
| **Defendants.** | |

### ANSWER TO ORIGINAL COMPLAINT BY RES-Q HEALTHCARE SYSTEMS, INC.

Defendant, RES-Q HEALTHCARE SYSTEMS, INC. ("RES-Q") answers Plaintiff

RESOURCE SCHEDULING CORPORATION's ("RSC") Complaint for patent infringement as

follows:

### THE PARTIES

1.    RES-Q is without sufficient knowledge to admit the allegations of this

paragraph and therefore deny the same.

2.      RES-Q is without sufficient knowledge to admit the allegations of this paragraph and therefore deny the same.

3.      RES-Q is without sufficient knowledge to admit the allegations of this paragraph and therefore deny the same.

4.      RES-Q is without sufficient knowledge to admit the allegations of this paragraph and therefore deny the same.

5.      RES-Q admits that it is a California corporation with the principal place of business at 26500 West Agoura Road, Suite 210, Calabasas, CA 91302. RES-Q admits that some of its customers are located in the state of Texas but denies that it engages in business in Texas. Except as expressly admitted, RES-Q denies the remaining allegations of this paragraph.

6.      RES-Q is without sufficient knowledge to admit the allegations of this paragraph and therefore deny the same.

7.      RES-Q is without sufficient knowledge to admit the allegations of this paragraph and therefore deny the same.

8.      RES-Q is without sufficient knowledge to admit the allegations of this paragraph and therefore deny the same.

## JURISDICTION AND VENUE

9.      RES-Q admits that RSC alleges that its action for infringement arises under the patent laws of the United States, including 35 U.S.C. §§271, 281, and 283-85, *et seq*. RES-Q admits that RSC alleges jurisdiction over this action pursuant to 28 U.S.C. §1338(a). Except as expressly admitted, RES-Q denies the remaining allegations of this paragraph.

10.    RES-Q admits that RSC alleges venue is proper under 28 U.S.C.

§§1391(b) and (c) and 28 U.S.C. §1400(b).  As to RES-Q, RES-Q denies the allegations of this

paragraph.  Except as expressly admitted or denied, RES-Q is without sufficient knowledge to

admit the remaining allegations of this paragraph and therefore deny the same.

## CLAIMS FOR PATENT INFRINGEMENT

11.    RES-Q admits that Plaintiff alleges to have attached a true and correct

copy of United States Patent No. 4,937,743 ("the '743 patent") as Exhibit A to the Complaint.

Except as expressly admitted, RES-Q is without sufficient knowledge to admit the remaining

allegations of this paragraph and therefore deny the same.

12.    RES-Q is without sufficient knowledge to admit the allegations of this

paragraph and therefore deny the same.

13.    As to RES-Q, RES-Q denies the allegations of this paragraph.  Except as

expressly denied, RES-Q is without sufficient knowledge to admit the remaining allegations of

this paragraph and therefore deny the same.

14.    As to RES-Q, RES-Q denies the allegations of this paragraph.  Except as

expressly denied, RES-Q is without sufficient knowledge to admit the remaining allegations of

this paragraph and therefore deny the same.

15.    As to RES-Q, RES-Q denies the allegations of this paragraph.  Except as

expressly denied, RES-Q is without sufficient knowledge to admit the remaining allegations of

this paragraph and therefore deny the same.

16.    As to RES-Q, RES-Q denies the allegations of this paragraph.  Except as

expressly denied, RES-Q is without sufficient knowledge to admit the remaining allegations of

this paragraph and therefore deny the same.

17.     As to RES-Q, RES-Q denies the allegations of this paragraph.  Except as expressly denied, RES-Q is without sufficient knowledge to admit the remaining allegations of this paragraph and therefore deny the same.

### FIRST AFFIRMATIVE DEFENSE

18.     The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

19.     The '743 patent is invalid for failure to meet the conditions of patentability set forth in title 35 of United States Code, including §§101, 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE

20.     RES-Q has not infringed and is non-infringing the '743 patent and has not induced or contributed to any activities of another which could possibly constitute an infringement of any of the claims of the '743 patent.

### FOURTH AFFIRMATIVE DEFENSE

21.     RSC is barred from recovery because no valid and enforceable claim of the '743 patent issued on June 26, 1990.

### FIFTH AFFIRMATIVE DEFENSE

22.     RSC is barred from recovery by the doctrine of laches, waiver, and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

23.     RSC is barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

24.     RSC's claims are limited by the time limitation on damages under 35 U.S.C. §§ 286 and 287.

## EIGHTH AFFIRMATIVE DEFENSE

25.    RSC lacks standing to bring this claim.

RES-Q reserves the right to assert additional affirmative defenses as they become known through further investigation and/or discovery.

## JURY DEMAND

RES-Q hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER

WHEREFORE, RES-Q respectfully requests that this Court find in its favor and against RSC and that the Court enter a judgment or order granting RES-Q the following relief:

1.    An order dismissing RSC's Complaint with prejudice and denying all relief requested in the Complaint;

2.    An order declaring that RES-Q has not infringed and does not infringe, either directly, contributorally, or through inducement, any of the claims of the '743 patent asserted by RSC in this action;

3.    An order declaring that the claims of the '743 patent asserted by RSC in this action are invalid, void and without force and effect;

4.    An order declaring that this action is an exceptional case within the provisions of 35 U.S.C. §285, and that RES-Q is therefore entitled to a recovery of its reasonable attorney's fees upon prevailing in this action;

5.    An order that RES-Q be awarded all costs and interest incurred in defending this lawsuit; and

6.    For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  April 27, 2006

/s/ David G. Henry
David G. Henry, Esq.  (Texas Bar No. 09479355)
COX SMITH MATTHEWS INCORPORATED
1201 Elm Street, Suite 4242
Dallas, Texas  75270
Tel: (214) 698.7800
Fax: (214) 698-7899
Email:  dghenry@coxsmith.com

John E. Kelly, Esq.
Michael A. DiNardo, Esq.
KELLY LOWRY & KELLEY, LLP
6320 Canoga Avenue, Suite 1650
Woodland Hills, CA 91367
Tel:    (818) 347-7900
Fax:    (818) 340-2859
Email:  mike@KLKPatentLaw.com

Attorneys for Defendant,
RES-Q HEALTHCARE SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2006, a true and correct copy of the **ANSWER TO ORIGINAL COMPLAINT BY RES-Q HEALTHCARE SYSTEMS, INC.** was served via Electronic Filing and/or U.S. Mail on the parties on the attached Service List.


Dated:  April 27, 2006                    /s/ David G. Henry
                                          David G. Henry

## SERVICE LIST

*Attorneys for Plaintiff:*

Jonathan T. Suder, Esq.
Edward E. Casto, Jr., Esq.
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, TX 76102

Eric M. Albritton, Esq.
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX 75606

Thomas John Ward, Jr., Esq.
LAW OFFICE OF T. JOHN WARD, JR., P.C.
P.O. Box 1231
Longview, TX 75606-1231

*Attorneys for Cerner:*

B. Trent Webb, Esq.
Bart A. Starr, Esq.
Adam P. Seitz, Esq.
SHOOK, HARDY & BACON
2555 Grand Blvd.
Kansas City, Missouri 64108

Robert Christopher Bunt
PARKER & BUNT
100 E. Ferguson, Suite 1114
Tyler, TX 75702

Sidney Calvin Capshaw, III
Brown McCarroll – Longview
1127 Judson Road – Suite 220
P.O. Box 3999
Longview, Texas  75606-3999

*Attorneys for Siemens:*

Justin Kurt Truelove, Esq.
Nicholas H. Patton, Esq.
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Blvd.
Texarkana, TX 75505-5398

Eugene Clertner, Esq.
Chad Peterman, Esq.
PATTERSON BELKNAP WEBB & TYLER
1133 Avenue of the Americas
New York, NY 10036

*Attorneys for McKesson:*

Otis W. Carroll, Jr.
IRELAND, CARROL & KELLEY
6101 South Broadway, Suite 500
Tyler, TX 75703

Blair M. Jacobs, Esq. (via 1st Class Mail only)
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, NW
Washington, DC 20004-2415

*Attorneys for Picis:*

Damon Michael Young, Esq.
YOUNG PICKETT & LEET
4122 Texas Blvd.
Texarkana, TX 75504-1897

June E. Cohan, Esq.
Mark Koehn, Esq.
PILLSBURY WINTHROP SHAW PITTMAN
LLP
1650 Tysons Boulevard
McLean, VA 22102-4859



## Texas Secretary of State
### Roger Williams

**SOSDirect**

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 800216163 | **Entity Type:** | Foreign For-Profit Corporation |
| **Original Date of Filing:** | June 18, 2003 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32011641993 | **FEIN:** | 391319950 |

| | |
|---|---|
| **Name:** | Epic Systems Corporation |
| **Address:** | 5301 TOKAY BOULEVARD MADISON, WI 53711 USA |
| **Fictitious Name:** | Epic Computer Systems Corporation |
| **Jurisdiction:** | WI, USA |
| **Foreign Formation Date:** | February 1, 1979 |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Name | Address | Inactive Date |
|---|---|---|
| National Registered Agents, Inc. | 1614 Sidney Baker Street Kerrville, TX 78028 USA | |

[Order]    [Return to Search]

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

LEXSEE 2006 US DIST LEXIS 3900

**SIRIUS SATELLITE RESEARCH INC., Plaintiff, - against - ACACIA RESEARCH CORPORATION and ACACIA GLOBAL ACQUISITION CORP., Defendants.**

**05 Civ. 7495 (PAC)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2006 U.S. Dist. LEXIS 3900*

**January 30, 2006, Decided**
**January 30, 2006, Filed**

**COUNSEL:** [*1] For Sirius Satellite Radio Inc., Plaintiff: Jonathan S. Caplan, Nicholas Lazaros Coch, Kramer, Levin, Naftalis & Frankel, LLP, New York, NY.

For Acacia Research Corporation, Acacia Global Acqisition Corp., Defendants: Jason M. Drangel, Epstein Drangel Bazerman & James LLP, New York, NY.

**JUDGES:** PAUL A. CROTTY, United States District Judge.

**OPINIONBY:** PAUL A. CROTTY

**OPINION:**

OPINION & ORDER

Plaintiff Sirius Satellite Radio Inc. ("Plaintiff" or "Sirius") commenced this action on August 24, 2005, seeking a declaratory judgment that a patent owned by defendants Acacia Research Corporation and Acacia Global Acquisition Corp. (collectively, "Defendant" or "Acacia") is invalid or, in the alternative, that Sirius is not infringing the patent. Acacia now moves to dismiss the Complaint, pursuant to *Rules 12(b)(1)* and *12(b)(6)* of the Federal Rules of Civil Procedure, n1 on the grounds that the pre-action communications between the parties, which form the basis of plaintiff's complaint, do not create an actual controversy. The Court agrees with Acacia; finds that it lacks subject matter to entertain this action; and, accordingly, dismisses the complaint.

n1 Acacia bases its Federal *Rule 12(b)(6)* argument on the same failure to create an actual controversy as the Federal *Rule 12(b)(1)* argument. Since the existence of an actual controversy speaks to the subject matter jurisdiction of the Court, the proper motion would be a motion to dismiss pursuant to Federal *Rule 12(b)(1)*. Therefore, the Court will treat Acacia's motion solely as a motion to dismiss pursuant to Federal *Rule 12(b)(1)* for lack of subject matter jurisdiction.

[*2]

**FACTS**

Sirius is a corporation providing digital satellite radio service throughout the United States. (Compl. P4.) Acacia is a corporation in the business of purchasing patents from third parties and licensing or enforcing them. (Id. P5.)

On November 5, 1991, the United States Patent and Trademark Office ("USPTO") issued *U.S. Patent No. 5,063,610* (the *"610 Patent"*) to the inventor, David Alwadish. (Id. P7.) The *610 Patent* covers a system for broadcasting material together with related program information, such as the name of the song or its artist. (Id.) Alwadish sold the *610 Patent* to Global Patent Holdings, Inc., which in turn sold it to Acacia in January 2005. (Id. P8.)

Acacia immediately began enforcing, and attempting to license, the *610 patent*. By letter dated March 30, 2005, Robert Berman, the Chief Operating Officer and General Counsel of Acacia, wrote to Sirius, alleging that the *610 Patent* "covers a service being offered by Sirius." (Caplan Decl., Ex. A.) In the letter, Acacia urged Sirius to consult outside patent counsel to determine if its service infringed the *610 Patent*, expressed its desire to resolve the matter "amicably without the need for [*3] excessive legal costs," and communicated its interest in negotiating an exclusive license. n2 (Id.) Mr. Berman made himself and the company engineers available for consultation and advised that he would follow up in

2006 U.S. Dist. LEXIS 3900, *

thirty days if he did not hear from a Sirius representative in the interim. (Id.)

n2 The exact language reads:

I would expect that you will send this matter to outside patent counsel for review. We will make our engineers and attorneys available to you via telephone, and are also available to meet in person with you and your counsel to answer any questions and provide any additional material you may need. As before, our goal is to resolve this matter amicably without the need for excessive legal costs.

If you act quickly, we are also prepared to discuss an exclusive license for Sirius . . .

. . . .I will contact you in approximately 30 days to check on the status of this matter and discuss next steps.

(Id.)

Sirius immediately retained outside counsel to review [*4] the matter. n3 (Caplan Decl. PP1-3 & Exs. C-G, L.) Sirius's attorney, Mr. Jonathan D. Caplan, attempted to investigate Acacia's allegations, but discovered that filewrapper-the record of proceedings before the USPTO resulting in the issuance of the *610 Patent*-had disappeared. n4 (Id. PP4-5.) Unable to fully investigate the potential infringement without the filewrapper, Sirius refused to commence license negotiations with Acacia. (Id.)

n3 Sirius retained Mr. Jonathan Caplan, Esq., of Kramer Levin Naftalis & Frankel LLP, immediately upon receipt of the March 30, 2005 letter. (See Caplan Decl. PP1-3.) All subsequent communication between Sirius and Acacia went through Mr. Caplan, rather than through Sirius's in-house counsel, business executives, or patent specialists. (Id., Ex. C-G, L.) Acacia, on the other hand, continued to handle the matter in house, through its General Counsel. (Id.)

n4 Thorough investigation revealed that the USPTO had lost the filewrapper, neither the inventor nor his patent attorney had retained a file, and Acacia was not given a file when it obtained the patent from Global Patent Holdings. (Caplan Decl., Ex. G.)

[*5]

In an effort to facilitate license negotiations, Acacia made the inventor and his attorney available to Sirius. (Id., P6 & Exs. C-D.) Acacia limited the scope of questioning, however, to issues of patent prosecution (i.e., office actions, meetings with examiners, changes to claims, and all other proceedings directly related to the grant of the patent by the USPTO), not "general discovery." (Id., Ex. D, at 1.) After interviewing both the investor and his patent prosecution attorney, Sirius still refused to enter license negotiations. (Id. Ex. C.)

Acacia continued to press the matter. On June 17, 2005, Mr. Berman wrote another letter to Sirius stating that it expected a "substantive response to [its] infringement allegations and license request within [a] two week period." (Id.) Two weeks came and went without a definitive answer; however, Acacia took no action that would suggest an impending infringement suit. Instead, Acacia continued to push for license negotiations. (Id., Exs. E & G.) For example, on August 4, 2005, Acacia faxed Sirius the one document it was able to find from the filewrapper. (Id., Ex. E) Rather than spur negotiations, after reviewing [*6] this document-a May 30, 1991 letter discussing the allowability of the Alwadish patent's main claim 1 in view of another pre-existing patent-Sirius concluded that it could not be infringing the *610 patent* and therefore would not negotiate a license. (Id., Exs. F & L.)

Sirius communicated its position to Acacia on August 15, 2005. (Id., Ex. F.) In the letter, Sirius expressly declared: "Sirius does not, and cannot infringe the Alwadish patent . . . Therefore, Sirius considers this matter closed-the Alwadish patent does not apply to Sirius." (Id.) Acacia responded the same day. (Id., Ex. G.) In its response letter, Acacia challenged Sirius's interpretation of the 1991 letter, suggesting that the 1991 letter "cut the heart out of Sirius's defense," and therefore strengthens Acacia's case, and urging further discussions between the two companies, "so that [Acacia's] engineers can explain to [Sirius] how [they] believe Sirius is infringing the Alwadish patent, and [Sirius] can in turn, explain how [it] is not." n5 (Id.)

n5 The letter actually states:

I understand your frustration in that the [1991] letter . . . seems to cut the heart out of Sirius' defense. Your contention is that the patent was invalid and should not have been issued over [the pre-existing patent]. As indicated by the letter, this argument was rejected by the examiner, for the reasons indicated.

. . .

We believe that the [1991] letter makes our case even stronger. If "closed" means that Sirius is no longer interested in amicably resolving this matter, please confirm that to me. Otherwise, I suggest that we have at least one more call so that my engineers can explain to you how we believe Sirius is infringing the Alwadish patent, and you can in turn, explain how they are not.

(Id.)

[*7]

Sirius was not persuaded. In an August 24, 2005 conference call, Mr. Caplan made clear that because Sirius was not infringing the *610 patent*, it was not interested in discussing the patent further or entertaining license negotiations. (Id. P15.) Mr. Berman responded that Acacia understood Sirius's position and Acacia would "act accordingly." (Id.) The same day, Sirius filed this declaratory judgment action. (Compl. P1.)

## DISCUSSION

A. Federal *Rule 12(b)(1)* Motion to Dismiss for Lack of Subject Matter Jurisdiction

A district court must dismiss a case pursuant to *Federal Rule of Civil Procedure 12(b)(1)* when it lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)*. As the party "seeking to invoke the subject matter jurisdiction of the district court," plaintiff bears the burden of proving jurisdiction. *Scelsa v. City Univ. of New York, 76 F.3d 37, 40 (2d Cir. 1996)*; *Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)*. Thus, the Court must "refrain from 'drawing from the pleadings inferences favorable to the party [*8] asserting [jurisdiction],'" *Takeda Chem. Indus. v. Watson Pharms., Inc., 329 F. Supp. 2d 394, 402 (S.D.N.Y. 2004)* (quoting *APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003))*, and may "refer to

evidence outside the pleadings." *Luckett v. Bure, 290 F.3d 493, 496-96 (2d Cir. 2002)*.

B. Subject Matter Jurisdiction Under the Declaratory Judgment Act

Through the Declaratory Judgment Act, *28 U.S.C. § § 2201 and 2202*, a litigant may file an action in federal court seeking a "declaration of its rights and other legal relations." *28 U.S.C. § 2201*. This declaration has the effect of a final judgment, and may be used by the prevailing party to stave off future litigation. Id. Since federal courts may not issue advisory opinions, however, a litigant may seek a declaratory judgment only where an "actual controversy" exists. Id. "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree." *Dataline, Inc. v. MCI Worldcom Network Servs., Inc., 2001 U.S. Dist. LEXIS 950, No. 00 Civ. 1578, 2001 WL 102336, at *2 (S.D.N. Y. Feb. 6, 2001)*. [*9] "In general, the presence of an 'actual controversy' within the meaning of the statute depends on 'whether the facts alleged, under all the circumstances, show . . . a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Gen-Probe Inc. v. Vysis, Inc., 359 F.3d 1376, 1379 (Fed. Cir. 2004)* (quoting *EMC Corp. v. Norand Corp., 89 F.3d 807, 810 (Fed. Cir. 1996)*, and *Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941))*.

The conduct required to create an "actual controversy" differs according to the subject matter of the action. In the patent context, the Federal Circuit follows a two-part test, which focuses on the conduct of both the patentee and the putative infringer, to determine if a declaratory judgment plaintiff has an "actual controversy." First, there must be "an explicit threat or other action by the patentee, which creates a *reasonable apprehension* on the part of the declaratory judgment plaintiff that it will face an infringement suit." *Gen-Probe, 359 F.3d at 1380* (emphasis [*10] added) (quoting *BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993))*. "Reasonableness" is judged by an objective standard, based on the conduct of the patent holder, not the subjective feelings of the potential infringer. *Cygnus Therapeutic Sys. v. ALZA Corp., 92 F.3d 1153, 1160 (Fed. Cir. 1996)*. The burden falls on the declaratory judgment plaintiff to prove, by a preponderance of the evidence, that its apprehension of suit was reasonable. *Id. at 1159*.

Second, there must be a "present activity which could constitute an infringement or concrete steps taken with the intent to conduct such activity." *Id.* The parties do not dispute that Sirius satisfies this second prong, as Sirius currently offers the allegedly infringing service in

2006 U.S. Dist. LEXIS 3900, *

the marketplace. (Caplan Decl., Ex. A.) This case thus turns on whether, based on Acacia's conduct and communications prior to the filing of this action, Sirius had a reasonable apprehension of imminent infringement litigation.

### 1. Reasonable Apprehension Created by an Express Charge of Infringement

To create a reasonable apprehension, the patentee "must signal an intention [*11] to file suit claiming infringement." *Hunter Douglas, Inc. v. Harmonic Design, Inc., 153 F.3d 1318, 1326 (Fed. Cir. 1998).* The Federal Circuit has held that when a patentee makes an explicit threat of an infringement suit or an express charge of infringement, there is always an actual controversy. See *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 736 (Fed. Cir. 1998).* The declaratory judgment plaintiff need not make any additional showing in order to file a declaratory judgment action. Id. ("If defendant has expressly charged a current activity of the plaintiff as an infringement, there is clearly an actual controversy, certainty has rendered apprehension irrelevant, and one need say no more.").

Sirius argues that Acacia's March 30, 2005 letter amounts to an express charge of infringement. The Court does not agree; and a fair reading of the letter does not support a conclusion that there was an express threat. n6 It is well settled that neither the offer of a patent license nor language in a letter stating that the declaratory judgment plaintiff's product or service is "covered by" or "falls within" defendant's patent amounts to [*12] an "express charge" of infringement. See *Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha, 57 F.3d 1051, 1053 (Fed. Cir. 1995); Shell Oil Co. v. Amoco Corp., 970 F.2d 885 (Fed. Cir. 1992).* More explicit language is required before a court will find an express charge or threat. See, e.g., *Elecs. for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1344 (Fed. Cir. 2005)* (finding express threat where the patentee stated that it would drive the alleged infringer out of business and sue all its customers, warned that "bad things are going to happen," and even identified specific attorneys and law firms in support of his litigation threats). Acacia's March 30, 2005 letter does not expressly charge infringement of the *610 patent* or threaten infringement litigation, it merely expresses a belief that Sirius might be infringing the patent and invites discussions between the companies and their patent experts to resolve the matter. The letter was carefully crafted to promote licensing negotiations between the parties, using the same "covered by" language that the Federal Circuit has previously deemed permissible. This language is not sufficient [*13] to create an actual controversy.

n6 The purpose of the March 30, 2005 letter was to initiate negotiations for a patent license -- a goal which is to be encouraged. If every suggestion of patent coverage and request to enter license negotiations were deemed to be a "threat" sufficient to justify a declaratory judgment, there would be far fewer patent license negotiations and far more litigation. Its character is not changed by Exhibit B, which presents a detailed claims analysis. Had Exhibit B not been included with Exhibit A, Sirius could have stated, correctly, that it would not respond until it saw the patent holder's claims analysis. Thus, Exhibit B does not provide evidence of a threat, rather, it supports the request to enter into license negotiations.

### 2. Reasonable Apprehension by a Totality of the Circumstances

In the alternative, Sirius argues that Acacia's conduct, when viewed as a whole, created a reasonable apprehension of imminent litigation, and therefore created an actual controversy. The Federal [*14] Circuit is mindful of the risk that requiring an "explicit threat" could promote manipulation by "patentee[s] who use careful phrases in order to avoid explicit threats, thus denying recourse to the courts while damages accrue." *Phillips Plastics, 57 F.3d at 1053.* Therefore, a court may find an "actual controversy" in the absence of an express charge of infringement or threat of litigation, if the totality of the circumstances create a reasonable apprehension--based on an objective test--that the patentee intended to bring an infringement suit. *Arrowhead, 846 F.2d at 736; Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 888.*

While the "totality of the circumstances" test is a fact-specific inquiry, the Federal Circuit has identified certain factors that make a declaratory judgment plaintiff's apprehension of litigation presumptively reasonable: (1) where the allegations of infringement come from outside litigation counsel, rather than from the patentee's in-house counsel or business executives; (2) where the patentee warned the declaratory judgment plaintiff's customers of the potential infringement; (3) where the patentee has enforced the same patent or technology [*15] against other companies in prior litigation; or (4) where the patentee gave the declaratory judgment plaintiff an unfairly short period of time to respond to the infringement allegations before taking other action. See, e.g., *Arrowhead, 846 F.2d at 737-38* (finding actual controversy where all four factors present, and noting that contact of infringer's customers and prior litigation were especially strong evidence of the patentee's willingness and desire to sue); see also *Kos Pharms., Inc. v. Barr*

*Labs., Inc.*, 242 F. Supp. 2d 311, at 315-16 (finding actual controversy where patentee had filed three prior lawsuits against the plaintiff to enforce similar patents); *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 2002 U.S. Dist. LEXIS 20714, No. 02 Civ. 1395, 2002 WL 31426308, at *4 (S.D.N.Y. Oct. 28, 2002) (finding reasonable apprehension of imminent litigation where letters came from patentee's outside litigation counsel, patentee told plaintiff's distributors of the patent dispute, and patentee's lawyers gave plaintiff only 10 days to respond before advising their client of its legal options); *Consac Indus., Inc. v. Nutramax Labs, Inc.*, 1998 U.S. Dist. LEXIS 6228, No. 97 Civ. 1155, 1998 WL 229255, at *3-4 (E.D.N.Y. Mar. 31, 1998) [*16] (finding reasonable apprehension where letters came from patentee's attorneys and patentee had previously filed three infringement actions to enforce the patent). Conduct that would not create a reasonable apprehension of an infringement action in isolation may create a reasonable apprehension when coupled with other activities. See *Teva Pharms. USA, Inc. v. Pfizer Inc.*, 395 F.3d 1324, 1333 (Fed. Cir. 2005).

Sirius argues that a number of these presumptively threatening factors are present in this case. First, Sirius points to Acacia's recommendation in the March 30, 2005 letter that Sirius "send this matter to outside patent counsel for review." Sirius argues that this reference to outside counsel created a reasonable apprehension of imminent litigation. In making this argument, however, Sirius misconstrues the case law. In all of the cases finding a reasonable apprehension of litigation based on the involvement of outside counsel, the Court focused on the patentee's decision to refer the case to its own outside counsel. See, e.g., *Cargill, 2002 U.S. Dist. LEXIS 20714, 2002 WL 31426308, at *4* (finding reasonable apprehension where all correspondence [*17] came from patentee's attorneys); *Consac Indus., 1998 U.S. Dist. LEXIS 6228, 1998 WL 229255, at *4* (same); see also *Dataline, Inc. v. MCI Worldcom Network Servs., Inc.*, 2001 U.S. Dist. LEXIS 950, No. 00 Civ. 1578, 2001 WL 102336, at *4 (S.D.N.Y. Feb. 6, 2001)* (finding no reasonable apprehension of litigation where initial letter came from in-house executive). In this case, on the other hand, all correspondence came from Acacia's Chief Operating Officer and General Counsel, an in-house executive. Acacia did not involve outside litigation counsel until after Sirius filed this declaratory judgment action. There is no indication that Sirius's reference to "outside patent counsel" signaled an intent to litigate. The more reasonable interpretation is that Acacia believed that Sirius could benefit from outside review of the patent before entering license negotiations.

Second, Sirius points to Acacia's history of defending its patents through infringement litigation. The Federal Circuit has expressly held, however, that the fact that a patentee has aggressively asserted its patent rights against other alleged infringers is not sufficient to create a reasonable apprehension of imminent litigation. See *Teva, 395 F.3d at 1333* [*18] (finding that history of infringement litigation unrelated to subject patent did not create reasonable apprehension of imminent litigation); *Gen-Probe, 359 F.3d at 1381, 1382* (finding no reasonable apprehension of imminent litigation even though parties had a history of litigation over other patents). Only where the patentee has "demonstrated a readiness and inclination to sue [plaintiff] over its patents" by filing previous infringement actions to enforce the same technology is an apprehension of imminent litigation reasonable. *Kos Pharms., Inc. v. Barr Labs., Inc.*, 242 F. Supp. 2d 311, (S.D.N.Y. 2003) (finding reasonable apprehension where patentee had filed three prior lawsuits against plaintiff to enforce similar patents); see *Arrowhead, 846 F.2d at 738* (finding reasonable apprehension where, in addition to other factors, the patentee had previously sued another company for infringement of the same patent); *Consac Indus., Inc. v. Nutramax Labs, Inc.*, 1998 U.S. Dist. LEXIS 6228, No. 97 Civ. 1155, 1998 WL 229255, at *3 (E.D.N.Y. Mar. 31, 1998)* (finding reasonable apprehension where, in addition to the fact that the patentee had already referred [*19] the matter to outside litigation counsel, the patentee had previously filed three infringement actions against other companies to enforce the same patent).

Third, Sirius contends that Acacia's desire to "act quickly" created a reasonable apprehension of imminent litigation. To support this contention, Sirius points to Mr. Berman's March 30, 2005 letter, in which he "provided a 30-day period for response," and his June 17, 2005 e-mail, in which he "provided a '2 week' time limit for Sirius' response to Acacia's infringement charges." (Pl.'s Mem. of Law in Opp'n 15, 16.) Sirius urges the Court to find that this language is identical to the language found by other courts to create a reasonable apprehension of litigation. (Id. at 16.) Despite Sirius's urgings, however, its cases do not support the conclusion it urges. Acacia's actual conduct falls well short of "deadlines" imposed by other patent holders. In Sirius's cases, the patentee strongly suggested litigation if the alleged infringer did not respond within a reasonably short period of time. See *Arrowhead, 846 F.2d at 737* (demanding, within 20 days, a confirmation that all unauthorized practices were discontinued, [*20] and threatening that the patentee "had in the past not hesitated to protect its patent rights whenever appropriate"); *Cargill, 2002 U.S. Dist. LEXIS 20714, 2002 WL 3146308, at *1* (advising, in letter sent by patentee's outside litigation counsel, that if alleged infringer did not respond within ten days the authors would "advise [their] client of their legal options"); *Comtec Info. Sys., Inc. v. Monarch Marking Sys., Inc.*, 962 F.

*Supp. 15, 17 (D.R.I. 1997)* (finding reasonable apprehension of imminent litigation where patentee threatened, in third letter from outside counsel, that if the alleged infringer did not act promptly, the patentee "will have no choice but to proceed accordingly").

No similar language is present in this case. In the March 30, 2005 letter, Mr. Berman states that he "will contact [Sirius] in approximately 30 days to check on the status of this matter and discuss next steps." (Caplan Decl., Ex. A.) Mr. Berman did not threaten legal action at the end of the 30-day period. Instead, he suggests that if he has not heard by then, he will call Sirius. No reasonable observer would find this statement to create an apprehension of immediate litigation. Similarly, [*21] in the June 17, 2005 e-mail, Mr. Berman requested that Sirius respond to Acacia's infringement allegations within two weeks. Again, Mr. Berman did not threaten legal action if it did not hear from Sirius at the end of the two-week period. Significantly, even though the parties had not entered license negotiations by the end of the two-week period mentioned in the e-mail, Acacia did not file, or even threaten, an infringement action. This course of events hardly suggests that Acacia intended to sue Sirius in the near future.

Fourth, Sirius contends that Acacia's choice of words in its communications created a reasonable apprehension of imminent litigation. Specifically, Sirius points to Acacia's reference in the March 30, 2005 letter to "excessive legal costs" and in subsequent correspondence to "contentions," "infringement allegations," "Sirius' defense" and the strength of Acacia's "case," "terms which are universally understood to refer to litigation." (Pl.'s Mem. of Law in Opp'n 16.) The Court is not persuaded by this argument; a reasonable observer would not find Acacia's use of these terms, when read in context, forewarned litigation. Instead, a contextual reading confirms that [*22] Acacia was merely "jawboning" in anticipation of license negotiations. Acacia's goal of was a license, not a lawsuit. Taking a position in license negotiations is commercially acceptable behavior and does not

create a reasonable apprehension of imminent litigation. See *Cygnus, 92 F.3d at 1160; Shell Oil, 970 F.2d at 889.*

Looking at the totality of the circumstances, the Court finds that Acacia's conduct prior to the filing of this declaratory judgment action did not create a reasonable apprehension of litigation. Acacia did not involve outside patent counsel, threaten Sirius's customers with infringement if it continued using Sirius's service, sue other alleged infringers to enforce the *610 patent,* or use language that would suggest imminent litigation. To the contrary, Acacia repeatedly signaled an intent to avoid litigation in favor of discussions between the parties. Admittedly, Acacia pressed for license negotiations, but "the reasonable apprehension of suit test requires more than the nervous statement of mind of a possible infringer; it requires that the objective circumstances support such an apprehension" *Cygnus, 92 F.3d at 1160* [*23] (internal quotation marks omitted). The Court finds no such circumstances in this case. Acacia's mere attempts to license the *610 patent* to Sirius, however persistent, did not create a reasonable apprehension of litigation sufficient to invoke the jurisdiction of this Court under the Declaratory Judgment Act.

CONCLUSION

The Court finds that Acacia's conduct prior to the filing of this declaratory judgment action did not create a reasonable apprehension of imminent litigation. Since no actual controversy existed, the Court does not have subject matter to entertain this action pursuant to the Declaratory Judgment Act. Accordingly, Acacia's motion to dismiss the complaint for lack of subject matter jurisdiction is GRANTED. The Clerk of Court is directed to enter judgment and close out this case.

Dated: New York, New York

  January 30, 2006

  SO ORDERED

  PAUL A. CROTTY

  United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of May, 2006, the foregoing document was electronically filed with the Clerk of the Court for the U.S. District Court, District of Delaware, using CM/ECF which will send notification of such filing to the following:

Jeffrey L. Moyer
moyer@rlf.com
RICHARDS LAYTON & FINGER
One Rodney Square
920 North King Street
Wilmington, DE  19801


   /s/ Karen V. Sullivan
KAREN V. SULLIVAN