RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

JEFFREY L. MOYER
DIRECTOR

DIRECT DIAL NUMBER
302-651-7525
MOYER@RLF.COM

July 13, 2006

**VIA CM/ECF FILING &**
**HAND DELIVERY**
Honorable Joseph J. Farnan, Jr.
District Court of Delaware
844 North King Street
Lock Box 27
Wilmington, DE 19801

Re:    *Epic Systems Corporation v. Acacia Research Corporation and*
       *Resource Scheduling Corporation*, **C.A. No. 06-255-JJF**

Dear Judge Farnan:

Pursuant to D. Del. L. R. 7.1.2(c), plaintiff Epic Systems Corporation ("Epic") writes to bring to the Court's attention recent developments in the case pending in the Eastern District of Texas styled *Resource Scheduling Corporation v. Cerner Corporation, et al.*, C.A. No. 06-44 (the "Texas Action"). On May 9, 2006, Defendants moved to dismiss or, in the alternative, to transfer this case to Texas. (D.I. 7). In support of their request to transfer, Defendants argued that the interests of justice and judicial economy weighed in favor of their request to transfer the case to Texas given the pendency of the Texas Action. (D.I. 8).

On July 3, 2006, Resource Scheduling Corporation filed a Notice of Settlement in the Texas Action to advise the court that it had reached settlement agreements with the two remaining defendants, Cerner Corporation and McKesson Corporation. A copy of the Notice of Settlement is attached hereto as Exhibit A. On July 7, 2006, the court in the Texas Action issued an Order on Closing Documents ordering the parties to "submit to the court all papers necessary for the closing of this case and its removal from the active docket of this court on or before August 16, 2006." A copy of the Order on Closing Documents is attached hereto as Exhibit B.

The cornerstone of Defendants' argument for why the instant action should be transferred to Texas is the pendency of the Texas Action. (D.I. 8 at 8). Indeed, the only reason Defendants gave for their request to transfer this case to the Eastern District of Texas was that one of the Defendants had previously filed infringement claims against other companies regarding the patent-at-issue in the Texas court. (*Id.*). Thus, Defendants argued that the interests

Judge Farnan
July 13, 2006
Page 2

of justice and judicial economy as well as the fact that the Texas action, to which Epic was never a party, was filed first supported transferring the case to Texas.  (*Id.*).  Epic's answering brief demonstrated that neither dismissal nor transfer of venue is appropriate.  (D.I. 14).  Now, however, that the Texas Action has been resolved, Defendants have no basis upon which to support their request to transfer this action.

    Epic brings these developments in the Texas Action to the Court's attention as relevant to the arguments set forth in Epic's Answering Brief in Opposition to Defendants' Motion to Dismiss and in the Alternative Motion to Transfer Venue.  (D.I. 14).  As always, if Your Honor has any questions or would like to discuss any aspect of this matter, counsel remains available at the Court's convenience.

        Respectfully,

        *Jeffrey L. Moyer/ass (#4093)*
        Jeffrey L. Moyer (#3309)

JLM:asg
Enclosures
cc: Kathleen Jennings-Hostetter, Esquire (via e-filing and hand delivery) (w/ enc.)
  Jonathan T. Suder, Esquire (via federal express) (w/ enc.)
  Anthony A. Thomaselli, Esquire (via federal express) (w/ enc.)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| RESOURCE SCHEDULING CORPORATION | § § § | |
| Plaintiff | § § | CIVIL ACTION NO. 2:06-cv-44 |
| v. | § § | JURY TRIAL DEMANDED |
| CERNER CORPORATION, MCKESSON CORPORATION, PICIS, INC., RES-Q HEALTHCARE SYSTEMS, INC., SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS MEDICAL SOLUTIONS HEALTH SERVICES CORPORATION and SURGICAL INFORMATION SYSTEMS, LLC | § § § § § § § § § | |
| Defendants. | § | |

## NOTICE OF SETTLEMENT

Resource Scheduling Corporation, plaintiff in the above-entitled and numbered civil action, hereby notifies that Court that it has reached settlement agreements with the two remaining defendants—Cerner Corporation and McKesson Corporation. The settlement documents are being finalized and stipulations of dismissal will be filed within the next thirty (30) days. Once the Court dismisses Cerner Corporation and McKesson Corporation, this civil action may be closed.

1

Respectfully submitted,

Jonathan T. Suder
State Bar No. 19463350
Edward E. Casto, Jr.
State Bar No. 24044178
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
(817) 334-0401 (fax)
Email: jts@fsclaw.com
Email: casto@fsclaw.com

Eric M. Albritton
State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX 75606
(903) 757-8449
(903) 758-7397 (fax)
Email: ema@emafirm.com

T. John Ward, Jr.
State Bar No. 00794818
LAW OFFICE OF T. JOHN WARD, JR., P.C.
111 W. Tyler Street
Longview, Texas 75601
(903) 757-6400
(903) 757-2323 (fax)
Email: jw@jwfirm.com

**ATTORNEYS FOR PLAINTIFF**

2

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 3rd day of July, 2006.

Eric M. Albritton

3

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| RESOURCE SCHEDULING<br>CORPORATION | § <br> § <br> § | |
| V. | § <br> § | Case No.  2:06-CV-44 |
| CERNER CORPORATION, ET AL. | § | |

### ORDER ON CLOSING DOCUMENTS

The court has been informed by the parties that all matters pertaining to Cerner Corporation and McKesson Corporation, defendants in the above-styled cause, have been settled and compromised, and with respect thereto makes the rulings set forth below.

It is **ORDERED** that the parties or their counsel shall submit to the court all papers necessary  for the closing of this case and its removal from the active docket of this court on or before *August 16, 2006.*  **If such papers are not received by the court by the scheduled deadline, the court may enter such orders as are just and necessary to insure prompt resolution of this case without further notice to the parties.**

So **ORDERED** and **SIGNED** this 7   day of **July, 2006.**


_____
Ron Clark, United States District Judge