IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EPIC SYSTEMS CORPORATION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 06-255-JJF |
| | : |
| ACACIA RESEARCH CORPORATION and, | : |
| RESOURCE SCHEDULING CORPORATION, | : |
| | : |
| Defendants. | : |

Nicholas J. Seay, Esquire, James R. Cole, Esquire, Anthony A. Tomaselli, Esquire, and Kristin Graham Noel, Esquire of QUARLES & BRADY LLP, Madison, Wisconsin.
Robert H. Richards, III, Esquire, Jeffrey L. Moyer, Esquire, and Anne Shea Gaza, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.

Attorneys for Plaintiff.

Jonathan T. Suder, Esquire, Edward E. Casto, Jr., Esquire, and Christie B. Lindsey, Esquire of FRIEDMAN, SUDER & COOKE, Forth Worth, Texas.
Kathleen M. Jennings, Esquire, and Karen V. Sullivan, Esquire of OBERLY, JENNINGS & RHODUNDA, P.A., Wilmington, Delaware.

Attorneys for Defendants.

**MEMORANDUM OPINION**

November 16, 2006
Wilmington, Delaware

Farnan, District Judge.

  Pending before the Court is Defendants' Motion To Dismiss And, In The Alternative, Motion To Transfer Venue (D.I. 7).[1] For the reasons discussed below, the Court will deny the Motion in part and grant the Motion in part.

**I. BACKGROUND**

  Plaintiff Epic Systems Corporation ("Epic") is a Wisconsin corporation with its principal place of business in Wisconsin. Defendants Acacia Research Corporation ("Acacia") and Research Scheduling Corporation ("RSC") are both Delaware corporations with their principal places of business in California. RSC is a wholly-owned subsidiary of Acacia Global Acquisition, which is a wholly-owned subsidiary of Acacia.

  RSC acquired the rights to license and enforce U.S. Patent No. 4,937,743 entitled "Method and System For Scheduling, Monitoring And Dynamically Managing Resources" ("the '743 patent"). This system utilizes a computer system to manage multiple resources in industries that rely on such functions in their business operations.

  On March 23, 2006, Acacia Vice President Edward J. Treska sent a letter ("March 23 letter") informing Plaintiff that Acacia believed Plaintiff's "Cadence" product fell under the scope of

---

[1] In a letter dated July 13, 2006, Defendants withdrew the request for a transfer to the Eastern District of Texas. (D.I. 20).

1

the '743 patent and would require a license. The letter also suggested that other products might fall under the '743 Patent as well. The letter further informed Plaintiff that RSC was in the process of litigating infringement actions against several companies for violation of the '743 Patent, and that RSC and Acacia were contemplating adding additional parties to the action. The letter also invited the opportunity to negotiate a licence.

On April 19, 2006, Plaintiff Epic filed the instant action against Defendants Acacia and RSC seeking Declaratory Judgment that the '743 Patent is invalid and unenforceable and not infringed by Epic's products. (D.I. 1).

## II. PARTIES' CONTENTIONS

By their Motion, Defendants contend the Court should dismiss the Complaint in its entirety for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and dismiss Plaintiff's claims against Defendant Acacia for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Specifically, Defendants contend Plaintiff's Complaint fails to establish an "actual controversy" because Plaintiff cannot show it had a reasonable apprehension of imminent suit by Defendants. Defendants further contend that Plaintiff could have no reasonable apprehension of imminent suit because Defendant Acacia has no legal interest in the '743 patent and thus, could not file

2

a patent infringement suit against Plaintiff. In the alternative, Defendants contend the Court should decline to exercise jurisdiction in order to avoid discouraging licensing negotiations.

In response, Plaintiff contends that it had a reasonable apprehension of suit from the March 23 letter and that Defendants do not provide any evidence that Acacia does not have a legal interest in the patent at issue. Plaintiff further contends that the Court's jurisdiction should be exercised because this action presents the type of controversy the Declaratory Judgment Act was created to address.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the Court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the Court must accept all factual allegations in the Complaint as true, and the Court may only consider the complaint and documents referenced in or attached to the complaint. <u>Gould Electronics Inc. v. U.S.</u>, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the Court's subject matter

3

jurisdiction, the Court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. <u>Mortensen v. First Fed. Sav. and Loan</u>, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. <u>Gotha v. United States</u>, 115 F.3d 176, 179 (3d Cir. 1997). Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. <u>Mortensen</u>, 549 F.2d at 891.

**IV. DISCUSSION**

    A.   <u>Whether Plaintiff Establishes An Actual Controversy For Purposes Of The Declaratory Judgment Act</u>

Defendants contend Plaintiff has not established an "actual controversy" because it did not have sufficient objectively reasonable apprehension of an imminent lawsuit. Specifically, Defendants contend that there was no threat of suit simply because it sent the March 23 letter intending to initiate negotiations to license the '743 patent. In response, Plaintiff contends that the March 23 letter contained threatening language which was sufficient to create reasonable apprehension of suit.

The Declaratory Judgment Act "requires an actual controversy between the parties before a federal court may exercise jurisdiction." 28 U.S.C. § 2201(a); <u>EMC Corp. v. Norand Corp.</u>,

4

89 F.3d 807, 801 (Fed. Cir. 2004). An actual controversy exists when there are both "(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." Gen-Probe, Inc. v. Vysis, Inc., 359 F.3d 1376, 1380 (Fed. Cir. 2004) (quoting BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993)). When the patentee's conduct falls short of an explicit threat, a court must look to the "totality of the circumstances" to determine whether the patentee's conduct gives rise to reasonable apprehension under the first prong of the test. Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 736 (Fed. Cir. 1988) (quoting Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 955 (Fed. Cir. 1987)).

The parties do not dispute that Plaintiff was engaging in activity or intended to engage in activity that could constitute infringement. Thus, the Court will focus its inquiry on whether Plaintiff had reasonable apprehension of imminent suit by Defendants.

The Court concludes that it is a reasonable reading of the March 23 letter to find that the paragraph in which Defendants state "we intend to add additional parties" to litigation pending

5

in Texas involving the '743 patent constitutes an explicit threat of litigation.  Further, considering the totality of the circumstances, the Court concludes that Plaintiff Epic has demonstrated reasonable apprehension of suit sufficient to establish an "actual controversy."  Here, the March 23 letter was more than an offer to open licensing negotiations or a mere assertion of Defendants' bargaining position.  The March 23 letter informed Plaintiff that Defendants intended to add parties to pending lawsuits in Texas against several companies for infringement of the '743 patent.  Also in the March 23 letter, Defendants proposed royalty rates for a license which "will increase over time and as our litigation progresses."  Although courts have held that an offer of a license is insufficient to create reasonable apprehension, "when the patentee takes steps that create a reasonable apprehension that he will seek redress through the courts, the alleged infringer . . . can take the initiative and seek declaratory relief."  EMC Corp., 89 F.3d at 811.  The Court concludes Plaintiff could reasonably conclude from the March 23 letter that Defendants were ready and willing to bring an infringement suit directly against Plaintiff or add Plaintiff to the pending litigation in Texas.  Thus, the Court concludes Plaintiff has established that an "actual controversy" exists.

6

    B.    <u>Whether The Court Should Exercise Jurisdiction Under The Declaratory Judgment Act</u>

Having determined that the Court has subject matter jurisdiction under the Declaratory Judgment Act, the Court must determine whether it is appropriate to exercise that jurisdiction. While the Act grants the Court jurisdiction, the Act allows district courts to decline jurisdiction. In exercising this discretion, courts must be mindful that the purpose of the Act is to allow alleged infringers relief from uncertainty and delay.

Defendants contend that the Court should decline its jurisdiction to avoid hindering future licensing negotiations. In response, Plaintiff contends that Defendants have not offered a sound reason for the Court not to exercise jurisdiction. Plaintiff also argues that the Act was intended to alleviate the type of insecurity created by Defendant Acacia's March 23 letter.

In the circumstances here, the Court concludes that exercising jurisdiction is appropriate. The Court agrees with Plaintiff that Defendants have not provided sufficient reasons to support the Court declining jurisdiction. Accordingly, the Court will deny Defendants' Motion To Dismiss to the extent it requests dismissal of Plaintiff's Complaint in its entirety (D.I. 7).

    C.    <u>Whether Acacia Should Be Dismissed From The Lawsuit</u>.

Defendants contend that if jurisdiction is exercised, only RSC should be a Defendant and Acacia should be dismissed because

7

Acacia had no standing to sue Plaintiff for patent infringement, and thus, Plaintiff could have no reasonable apprehension of a lawsuit with Acacia. In response, Plaintiff contends that Acacia should be a party to this lawsuit because Acacia has a legal interest in the '743 patent. Specifically, Plaintiff contends that statements in the March 23 letter such as "we intend to add additional parties," and "Acacia, through its subsidiaries, licenses and enforces patents," create a legal interest and infer that Acacia will bring the suit against Plaintiff or be involved in the litigation once it commenced.

The applicable federal law provides that only a patentee, assignee, or exclusive licensee has standing to bring a patent suit. Rite-Hite Corp v. Kelly Co., 56 F.3d 1538, 1551-52 (Fed. Cir. 1995). To the Court's knowledge, Acacia does not fall within any of these categories, and therefore, the Court concludes Acacia does not have standing to sue for infringement of the '743 patent. Accordingly, the Court will grant Defendant's Motion To Dismiss to the extent it requests dismissal of claims against Defendant Acacia (D.I. 7).

## V.  CONCLUSION

In sum, the Court will deny Defendants' Motion to the extent it requests dismissal of Plaintiff's Complaint in its entirety; however, the Court will grant the Motion to the extent it requests dismissal of claims against Defendant Acacia Research Corporation.

An appropriate Order will be entered.

8